IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW SKLAR, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AMD 03-CV-3447 |
| ECHOSTAR COMMUNICATIONS CORP., *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL TESTIMONY OF ALLEGED RACIAL COMMENTS AND BEHAVIOR AND SUPPORTING MEMORANDUM OF LAW**

Defendants EchoStar Communications Corp., Dish Network Service Corp., and Stacie Andersen, by undersigned counsel, hereby move this Court *in limine* to exclude Plaintiff's potential testimony at trial of racial comments and a racial gesture allegedly made by Defendants' managers. As Plaintiff does not allege any racial discrimination or racial harassment claims whatsoever as part of his lawsuit, such testimony is utterly irrelevant and should be excluded under Rule 402 of the Federal Rules of Evidence. Even if this highly inflammatory and unsubstantiated testimony were relevant, it should nevertheless be excluded under Rule 403 of the Federal Rules of Evidence because it would be unduly prejudicial to Defendants, confuse the issues, and mislead the jury.

**I.   RELEVANT FACTS**

Plaintiff Dino Broccoli ("Plaintiff"), a former employee of Defendants EchoStar and Dish Network, was selected for layoff from his position as Associate Program Manager in November 2001. (*Plaintiff Dep., attached hereto as Exhibit 1, at 287:13-18.*)   On or about January 2002,

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants subjected him to sexual harassment and retaliation. (*EEOC Charge, attached hereto as Exhibit 2.*) On his Charge form, Plaintiff checked the box marked "sex" as the basis for his allegations, and did not check any other box, including the box labeled "race." (*EEOC Charge (Ex. 2)*.) Further, in Plaintiff's detailed description of his allegations in the EEOC charge, Plaintiff never made any mention of racial discrimination or racial harassment against Defendants. (*EEOC Charge (Ex. 2)*.)

Plaintiff then filed his original Complaint with this Court in December 2003 and later filed a First Amended Complaint in April 2004. In those pleadings, Plaintiff alleged claims of sexual harassment, retaliation, invasion of privacy, breach of contract, violation of state wage laws, tortious interference with prospective advantage, and defamation. Again, nowhere in those pleadings did Plaintiff make any claim of racial discrimination or racial harassment against Defendants. (*First Amended Complaint*). This Court dismissed Plaintiff's claims of invasion of privacy and defamation, and the parties now prepare for a jury trial on Plaintiff's remaining claims. (*Memorandum to Counsel, Jan. 8, 2005*).

Despite the total absence of any claims of racial discrimination or racial harassment in his lawsuit, it is clear that Plaintiff will attempt to introduce at trial certain unsubstantiated and wholly irrelevant evidence of racially-based comments or gestures allegedly made by Defendants' managers. Indeed, counsel for Plaintiff repeatedly made the issue of race a theme of his interrogation during the numerous depositions taken during discovery. Specifically, the following deposition testimony is at issue in this Motion and should be excluded at trial:

- Witness Forrest "Chip" Paulson testified that he heard Ms. Anderson use the "n" word "behind closed doors," "two, maybe three times" in reference to African American

2

employees.  (*Paulson Dep., attached hereto as Exhibit 3, Vol. I at 52:7 – 53:6 and 82:1-5 and Vol. II at 238:5 – 239:3 and 240:10 – 241:11.*)

- Witness Paulson testified generally that Vice President Steve Skalski used the "n" word. (*Paulson Dep. (Ex. 3) Vol. I at 120:12-20.*)

- Witness Paulson testified that sometime in 2001, Ms. Anderson allegedly made a gesture with her hand and eyes to refer to an Asian woman (*Paulson Dep. (Ex. 3) Vol. II at 239:4-20.*)

- Witness Larry Goldman testified that Ms. Anderson may have made an unspecified derogatory remark about African Americans.  (*Goldman Dep., attached hereto as Exhibit 4, at 26:23 – 27:6.*)

## II.     ARGUMENT

### A.     Evidence of Racial Comments and Gestures is Irrelevant to Plaintiff's Lawsuit

The Court must exclude testimony of alleged racial comments and gestures by Defendants' managers because they are not relevant to these proceedings.  Rule 401 of the Federal Rules of Evidence provides:

> Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.  Rule 402 further mandates that "Evidence which is not relevant is ***not admissible***."  Fed. R. Evid. 402 (emphasis added).  Because Plaintiff does not allege any racial discrimination or racial harassment claims whatsoever as part of his lawsuit, such testimony is irrelevant and should be excluded under Rule 402 of the Federal Rules of Evidence.

Because Plaintiff never alleged any form of racial discrimination or racial harassment in his EEOC charge, he cannot attempt to bolster his lawsuit by introducing such irrelevant evidence now.

As the Fourth Circuit has repeatedly held, "the allegations contained in an administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); see also Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995).  Further, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans, at 963.  Indeed, allowing Plaintiff to introduce new evidence of race discrimination at this juncture would effectively circumscribe the EEOC's investigatory and conciliatory role, as well as deprive Defendants of proper notice of such allegations.

Even if Plaintiff had alleged racial discrimination or harassment in his EEOC charge and Complaint – which he did not – the Fourth Circuit has held that isolated and ambiguous statements, such as those alleged to have been made by Ms. Anderson and Mr. Skalski, "are too abstract, in addition to being *irrelevant* and prejudicial, to support a claim of discrimination." Robinson v. Montgomery Ward and Co., 823 F.2d 793, 797 (4th Cir. 1987) (citations omitted) (emphasis supplied).  Indeed, Plaintiff must establish some "nexus . . . between the alleged discriminatory statements and any of the employment decisions made by the [decision maker]." EEOC v. Clay Printing Co., 955 F.2d 936, 942 (4th Cir. 1992) (citations omitted); see also Roberts v. Wal-Mart Stores, Inc., Civil Action No. 95-0059-H, 1997 WL 38138, at *2-3 (W.D.Va. Jan. 28, 1997) (granting defendant's motion to exclude evidence of racial slurs not related to the decision to terminate the plaintiff).  In the present matter, where Plaintiff is neither African American nor Asian, and does not claim that he was subject to any form of discrimination or harassment based on his race, absolutely no such nexus exists.  The alleged racially discriminatory comments and gesture made by Ms. Anderson and Mr. Skalski simply had absolutely nothing to do with Plaintiff's

4

employment. Rather, the remarks constitute little more than inadmissible stray comments which should be excluded as irrelevant to these proceedings.

**B.      Evidence of Racial Comments and Gestures Would be Unduly Prejudicial, Confuse the Issues, and Mislead the Jury**

Even if testimony of alleged racial comments and gestures were relevant to this case, which they are not, Rule 403 specifically permits the Court to exclude the testimony if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Clearly such danger exists in this case. Allowing Plaintiff to present to the jury baseless and inflammatory testimony of racial slurs will only incite the emotions of the jury on irrelevant issues, thereby imposing unfair prejudice upon Defendants. See Robinson, 823 F.2d at 797 (excluding stray remarks in part because of their prejudicial effect upon the jury). Admitting such evidence will also confuse the issues in this case. Plaintiff already has raised a litany of claims against Defendants that will be tried to the jury, including claims of sexual harassment, retaliation, breach of contract, violation of state wage laws, and tortious interference with prospective advantage. By introducing additional and extraneous evidence of alleged race discrimination and race harassment, the Plaintiff will surely confuse the real issues to be tried. Similarly, any evidence of racial comments submitted by Plaintiff will mislead the jury as to which claims are before them for determination. In short, this highly inflammatory and unsubstantiated testimony must be excluded under Fed. R. Evid. 403 because it would be unduly prejudicial to Defendants, confuse the issues, and mislead the jury.

### III.     CONCLUSION

For the all of the above reasons, Defendants respectfully request that this Court exclude Plaintiff's potential testimony at trial of racial comments and gestures allegedly made by Defendants' managers.

Respectfully submitted,

/s/
Robert R. Niccolini (Fed. Bar No. 24873)
Elena D. Marcuss (Fed. Bar. No. 25547)
McGuireWoods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400

Attorneys for Defendants EchoStar Communications Corp., Dish Network Service Corp., and Stacie Andersen

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2005, a copy of Defendants' Motion in *limine* and supporting Memorandum of Law, which were electronically filed in this case on February 25, 2005, were mailed, first-class, postage prepaid to Counsel for Plaintiff:

Jerald J. Oppel
Carla N. Bailey
Ober, Kaler, Grimes & Shriver, P.C.
120 E. Baltimore Street
Baltimore, Maryland  21202.

/s/
Elena D. Marcuss

\\LAB\538158.1